**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 14CR3057 WQH |
| Plaintiff, | ORDER |
| v. | |
| PAUL DWIGHT DOYLEY (3), | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion to withdraw his guilty plea filed by the Defendant Paul Dwight Doyley. (ECF No. 497).

## BACKGROUND FACTS

On October 21, 2014, the grand jury returned an indictment charging fourteen defendants including Defendant Paul Dwight Doyley, with conspiracy to distribute controlled substances in violation of 21 U.S.C. sections 841(a) and 846. (ECF No. 1).

On September 22, 2015, a two-count superseding Indictment was filed charging Defendant in Count 1 with conspiracy to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) and 846 and in Count 2 with conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h).

On February 28, 2017, Defendant appeared before this district court judge entering a plea of guilty to Count 1 of the Superseding Indictment charging conspiracy to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) and 846. During the plea colloquy, the Court advised the Defendant as follows:

The Court: Do you understand, sir, that the maximum consequences for this offense include up to life in prison and that this is a minimum mandatory ten-year offense, so that the minimum that the Court could sentence you to is ten years?

Do you understand both of those, that the minimum the Court could sentence yo to is ten years and has a maximum of life? Do you understand?

THE DEFENDANT: Yes, Your honor.

(ECF No. 493 at 12). During the factual basis for the plea, Defendant admitted that he had telephone conversations with a coconspirator involving the purchase of five or more kilograms of cocaine. Counsel for the Government stated that the Government was satisfied that this admission met the bare minimum required for the Defendant to plead to Count One and stated, "I would like to put on the record at this point, we don't have an agreement with the defendant, so I expect to have a contested sentencing hearing."

At the conclusion of the plea colloquy, the Clerk was asked by the Court to rearraign the Defendant and the plea proceeded as follows:

THE CLERK: Do you now desire to withdraw your former plea of not guilty to Count One of the Superseding Indictment charging you with conspiracy to distribute controlled substance and to plead guilty?

THE DEFENDANT: No. Yes, guilty. . . .

THE COURT: What we are asking you now is, do you really now want to plead guilty? So listen closely to the clerk's question, and if you have any questions about what she is asking you, just interrupt, and you can consult with Mr. Ronis. Do you understand?

THE DEFENDANT: Okay. Yeah, I would like to talk to him a little.

THE COURT: Sure. You want to talk to him briefly?

THE DEFENDANT: Yeah.

THE COURT: Sure.

(Off-the-record discussion.)

THE COURT: All right. Have you had your questions answers by Mr. Ronis?

THE DEFENDANT: Yes, yes.

THE COURT: All right. Let's please question the defendant again.

14cr3057 WQH

THE CLERK: Do you now desire to withdraw your former plea of not guilty to Count One of the Superseding Indictment charging you with conspiracy to distribute controlled substance and to plead guilty?

THE DEFENDANT: Yes, I plead guilty. Yes, I plead guilty.

THE CLERK: How do you plead to Count One of the Superseding Indictment, guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: The plea is accepted. I find that the defendant has freely, voluntarily, and competently entered the plea; that he understands the plea agreement, the charges against him, and the consequences of the plea; that there is a factual basis for the plea; and that the defendant has knowingly and intelligently waived his rights.

(ECF No. 493 at 16-17).

On April 11, 2017, Defendant retained new counsel.

On May 30, 2017, Defendant moved to withdraw his guilty plea.

On July 27, 2017, the Court conducted an evidentiary hearing. Defense counsel at the time of the plea and the Defendant testified that the off-the-record discussion during the plea hearing concerned Defendant's confusion about the applicability of the mandatory minimum sentence and the safety valve provisions of the Guidelines. Defense counsel testified that he explained to the Defendant that he could still receive a sentence under the mandatory minimum after the plea if eligible for safety valve. Defendant testified that defense counsel explained that he should not sorry about the mandatory minimum sentence because he was eligible for safety valve.

## CONTENTIONS OF THE PARTIES

Defendant contends that fairness and justice support his request to withdraw the guilty plea. Defendant contends that his retained counsel assured him that he would not be subject to a minimum mandatory sentence for the drug offense because he was eligible for safety valve. Defendant asserts that he remained uncertain about the consequences of the plea and the applicability of the minimum mandatory sentence after the plea.

Plaintiff United States contends that reasons relied upon by the Defendant for withdrawing his guilty plea are not credible and contradicted by his sworn testimony

at the change of plea hearing. The Government asserts that the Defendant told the Court that he understood that the penalty for the offense included a mandatory minimum sentence of ten years at the time of the plea hearing. The Government asserts that Defendant was correctly informed by his counsel at the time of the plea hearing that the mandatory minimum would apply unless he was eligible for safety valve.

## RULING OF THE COURT

Rule 11(d)(2)(B) states that "A defendant may withdraw a plea of guilty... after the court accepts the plea, but before it imposes sentence, if: ...the defendant can show a fair and just reason for requesting withdrawal." In *United States v. Nostratis*, 321 F.3d 1206 (9th Cir. 2003), the Court of Appeals stated:

> Prior to sentencing, a defendant can withdraw his guilty plea only by showing a fair and just reason for withdrawal. Fed.R.Crim.P. 11(d)(2)(B). A defendant does not always have the right to withdraw a plea because the decision to allow withdrawal of a plea is solely within the discretion of the district court. The defendant has the burden to show a fair and just reason for withdrawal of a plea.

*Id.* at 1208. (citations omitted).

"Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered the plea." *United States v. Garcia*, 401 F.3d 1008, 1011 (9th Cir. 2005). In *United States v. Mayweather*, 634 F.3d 498, 504 (9th cir. 20910), the Court of Appeals explained,

> "While the defendant is not permitted to withdraw his plea 'simply on a lark,' the 'fair and just standard' is generous and must be applied liberally." *McTiernan*, 546 F.3d at 1167 (quoting *United States v. Hyde*, 520 U.S. 670, 676–77, 117 S. Ct. 1630, 137 L.Ed.2d 935 (1997)). Thus, "a defendant does not have to prove that his plea is invalid in order to establish a fair and just reason for withdrawal before sentencing." *United States v. Davis*, 428 F.3d 802, 806 (9th Cir.2005); *see also United States v. Garcia*, 401 F.3d 1008, 1012 (9th Cir.2005) ("[We have] squarely rejected the proposition that the fact that a plea is voluntary, knowing, and intelligent forecloses an attempt to withdraw it prior to sentencing."). Nor must the defendant "proclaim his innocence." *Garcia*, 401 F.3d at 1012.

In this case, Defendant moved in a timely manner to retain substitute counsel and to file a motion to withdraw his plea. The Court finds that testimony of retained counsel that he informed the Defendant that the mandatory minimum sentence would apply in

his case unless he was eligible for safety valve is credible.  However, the Court finds that the uncertainty of the Defendant at the time of the plea hearing as to the applicability of the mandatory minimum sentence provides a fair and just reason to allow him to withdraw his plea.  Under the facts of this case and liberally applying the "fair and just standard," the Court will grant the motion to withdraw the plea of guilty.

IT IS HEREBY ORDERED that the motion to withdraw his guilty plea filed by the Defendant Paul Dwight Doyley (ECF No. 497) is granted.

DATED:  August 28, 2017

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge